**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDI ANAEL FUNEZ-GOMEZ,

Petitioner,

v. Case No. 8:26-cv-3211-WFJ-NHA

WARDEN, TAMPA ICE ERO SUB FIELD OFFICE, *et al*.,

Respondents.
_______________________________________/

**ORDER**

Petitioner Andi Anael Funez-Gomez, an alien in the custody of Immigration and Customs Enforcement ("ICE"), initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks "immediate release" from ICE custody, alleging that his constitutional and statutory rights were violated when he was detained without a "pre-deprivation hearing." (*Id.* at 13, 16-18). Respondents oppose the petition, and Petitioner filed a reply. (Docs. 5, 6). For the reasons stated below, the petition is **DISMISSED without prejudice** for lack of exhaustion.

Petitioner is a native of Honduras who entered the United States without inspection in April 2019. (Doc. 5-1 at 1, 3). Soon after, Petitioner was apprehended by Department of Homeland Security officers, detained, and then released on his own recognizance. (Doc. 5-1, at 3; Doc. 5-2; Doc. 5-3). On October 21, 2026, Petitioner reported to the ICE field office in Tampa, Florida, for a scheduled check-in. (Doc. 5-3 at 2). The same day, ICE began

removal proceedings by issuing a notice to appear. (Doc. 5-6). ICE also issued an administrative warrant for Petitioner's arrest, detained him at the Tampa field office, and made an initial determination to deny bond or release on recognizance. (Doc. 5-5; Doc. 5-7; Doc. 5-8). Petitioner requested that "an immigration judge review . . . th[e] custody determination," but there is no indication that such review has taken place. (Doc. 5-8).

On the evening of his arrest, Petitioner filed this § 2241 action. (Doc. 1). He contends that ICE violated his due-process rights by re-detaining him "without a pre-deprivation hearing" and violated his statutory rights by arresting him without a warrant. (*Id.* at 17-18). According to Petitioner, the "only appropriate remedy" for these alleged violations is "immediate release" from custody. (*Id.* at 18).

Respondents correctly contend that the petition must be dismissed without prejudice for lack of exhaustion. (Doc. 5 at 7-8). "Federal habeas corpus petitions under § 2241 are subject to a common law exhaustion requirement that applies to all petitions." *Suarez v. Vega*, No. 2:26-cv-186-JES-NPM, 2026 WL 508171, at *1 (M.D. Fla. Feb. 24, 2026) (citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015)). Although the Eleventh Circuit has clarified that § 2241's exhaustion requirement is not jurisdictional, it has emphasized that "[t]he exhaustion requirement is still a requirement." *Santiago-Lugo*, 785 F.3d at 475. Thus, a court cannot "disregard a failure to exhaust . . . if the respondent properly asserts the defense." *Id.*

Both sides agree that Petitioner is detained under 8 U.S.C. § 1226(a). (Doc. 5 at 4; Doc. 6 at 3). Section 1226(a) provides that the Attorney General "may arrest and detain" an alien "pending a decision on whether the alien is to be removed from the United States."

8 U.S.C. § 1226(a). When § 1226(a) applies, aliens "are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1263 (11th Cir. 2026) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)(1)). Because Petitioner was detained as someone "unlawfully in the interior," *id.* at 1276, he is entitled to a bond hearing, which may be requested orally or in writing, 8 C.F.R. § 1003.19(b). During this process, Petitioner may be released if he convinces the immigration judge that he "poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019). If the immigration judge denies bond, Petitioner may appeal the decision to the Board of Immigration Appeals.[1] *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f).

Petitioner has not fully exhausted these administrative remedies. On October 21, he requested a bond redetermination hearing before an immigration judge, but those proceedings appear to be pending. (Doc. 5-8). Because "this process is still ongoing," Petitioner's "claims are not yet ripe." *Madrid v. McShane*, No. 26-cv-7175, 2026 WL 3182012, at *2 (E.D. Pa. Oct. 23, 2026) (dismissing § 2241 petition for lack of exhaustion where petitioner detained under § 1226(a) "requested a bond redetermination hearing," but "that proceeding remain[ed] pending"); *see also Safdar v. Warden*, No. 3:26-cv-1451-DRL-SJF, 2026 WL 3173470, at *3 (N.D. Ind. Oct. 22, 2026) (§ 2241 petition subject to dismissal for failure to exhaust where petitioner detained under § 1226(a) "requested a

[1] Respondents concede that Petitioner is entitled to a bond hearing. (Doc. 5 at 7, 9).

custody redetermination by an immigration judge" but, "[a]s far as the record reveal[ed], his request remain[ed] pending").

Petitioner appears to contend that exhaustion should be excused in this case because "immigration courts lack jurisdiction to review Due Process claims." (Doc. 6 at 5). But a "bond hearing" before an immigration judge "may provide [Petitioner] with the relief that he seeks—*i.e.*, his release." *Michalski v. Decker*, 279 F. Supp. 3d 487, 496 (S.D.N.Y. 2018). Such a ruling would moot the petition. "And even if the immigration judge denies bond, [the] petition could be mooted if the Board of Immigration Appeals reverses that determination." *Id.* Thus, "[a] favorable ruling in the administrative proceedings could obviate the need to reach [Petitioner's] due process claim or, at a minimum, alter its factual basis." *Safdar*, 2026 WL 3173470, at *3. "Because the agency has the authority to grant [the requested] relief, which may obviate the need to adjudicate [Petitioner's] constitutional claims, exhaustion is not excused." *Madrid*, 2026 WL 3182012, at *2; *see also Sanchez v. Jamison*, No. 26-cv-7938, 2026 WL 3218606, at *4 (E.D. Pa. Oct. 27, 2026) (holding that the "merits" of alien's "constitutional claims" were "not yet ripe for review in the absence of administrative exhaustion of his claims").

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus, (Doc. 1), is **DISMISSED without prejudice** for lack of exhaustion. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment against Petitioner, and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on November 3, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE